**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SELMA SMITH,

    Petitioner,

v.                                            Case No. 12-13353

STEVEN RIVARD,

    Respondent.
                                                /

**ORDER GRANTING PETITIONER'S MOTION**
**TO HOLD THE HABEAS PETITION IN ABEYANCE,**
**VACATING THE ORDER FOR RESPONSIVE PLEADING, AND**
**CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES**

Pending before the court are Petitioner Selma Smith's *pro se* habeas corpus petition under 28 U.S.C. § 2254 and his motion to hold the habeas petition in abeyance. The habeas petition challenges Petitioner's plea-based conviction and sentence of ten to twenty years for unarmed robbery. Mich. Comp. Laws § 750.530. The Michigan Court of Appeals denied leave to appeal for lack of merit in the ground presented, *see People v. Smith*, No. 300932 (Mich. Ct. App. Dec. 20, 2010), and on April 25, 2011, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issue presented to it. *See People v. Smith*, 489 Mich. 900 (2011) (table).

On July 31, 2012, Petitioner filed his habeas corpus petition, alleging that his guilty plea was based on an illusory plea agreement. In support of this claim, Petitioner alleges that a charge of assault with intent to rob while armed was to be dismissed as part of the plea agreement, but the charge had already been dismissed.

After the court ordered respondent to file an answer to the habeas petition, Petitioner filed the pending motion to hold his habeas petition in abeyance. He seeks a stay of these proceedings while he returns to state court to file a motion for relief from judgment and to exhaust state remedies.

The doctrine of exhaustion of state remedies requires state prisoners to present all of their claims to the state court before raising the claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 845 (1999). To properly exhaust state remedies, a petitioner must fairly present the legal and factual basis for each claim to the state court of appeals and to the state supreme court before raising the claims in federal court. *Wagner v. Smith*, 581 F.3d 410, 414–15 (6th Cir. 2009).

District courts "ordinarily have authority to issue stays" when "a stay would be a proper exercise of discretion," *Rhines v. Weber*, 544 U.S. 269, 276 (2005), and, if the court were to dismiss Petitioner's habeas petition while he pursues additional state remedies, a subsequent habeas petition could be barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Under similar circumstances, some courts have taken a "stay and abeyance" approach whereby a federal district court holds a habeas petition in abeyance while the petitioner pursues state remedies for previously unexhausted claims. *Rhines*, 544 U.S. at 275. After the petitioner exhausts state remedies, the district court lifts the stay and allows the petitioner to proceed in federal court. *Id.* at 275–76. It is not an abuse of discretion to employ the "stay and abeyance" approach if there was good cause for the petitioner's failure to exhaust his claims first in

2

state court, the unexhausted claims are not meritless, and the petitioner has not engaged in abusive litigation tactics or intentional delay. *Id.* at 277–78.

Although Petitioner appears to have exhausted the state remedies for his current claim, he has not alleged "good cause" for his failure to exhaust state remedies for any additional claims. Nor has he listed the additional claim or claims that he wishes to present to the state court. He refers to a third claim, but there is only one claim in his habeas petition. Despite these inadequacies in Petitioner's motion, he does not appear to be engaged in abusive litigation tactics, and habeas petitioners generally have only one opportunity to challenge their state convictions in federal court. *See* 28 U.S.C. § 2244(b)(1)–(2) (establishing standards for review of claims presented in a second or successive habeas corpus petition under § 2254); *see also* 28 U.S.C. § 2244(b)(3)(A) (requiring a habeas petitioner to ask the appropriate court of appeals for an order authorizing the district court to consider a second or successive petition). Thus, the most efficient approach is for a habeas petitioner to exhaust state remedies for all of his claims and then present an all-inclusive habeas petition to the federal court.

The court concludes that it would not be an abuse of discretion to stay this case while Petitioner pursues additional state remedies. Accordingly,

IT IS ORDERED that Petitioner's motion to hold his habeas petition in abeyance [Dkt. # 4] is GRANTED. The court's stay is conditioned on Petitioner filing a motion for relief from judgment in state court within **fifty-six (56) days** of the date of this order. If Petitioner is unsuccessful in state court and wishes to return to federal court, he is DIRECTED to file an amended habeas corpus petition and a motion to re-open this

case, using the same caption and case number that appear on this order, within **fifty-six (56) days** of exhausting state remedies.

IT IS FURTHER ORDERED that the Order Requiring a Responsive Pleading [Dkt. # 3] is VACATED.

Finally, IT IS FURTHER ORDERED that this case is CLOSED for administrative purposes. Nothing in this order is meant to be an adjudication of Petitioner's pending claim.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 31, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 31, 2012, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522